PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON M. ALLEN, | ) | |
| | ) | CASE NO. 4:21CV845 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JANET WASH, *et al*., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Brandon M. Allen filed this action under 42 U.S.C. § 1983 against Janet Wash, Danyel Turner, and Staffmark Investments, LLC.  In the Complaint (ECF No. 1), Plaintiff alleges that Janet Wash and Danyel Turner have accused him of fathering their children and have attempted to collect child support from him.  Plaintiff also claims that Staffmark Investments, LLC has attempted to garnish his wages.  He appears to seek declaratory, injunctive, and monetary relief.  Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), that the Court has granted by separate order.

**I. Background**

Plaintiff's Complaint is brief.  Plaintiff states that he is an inmate presently incarcerated at the Ohio State Penitentiary in Youngstown, Ohio.  He alleges that two women who live in Cincinnati, Ohio have "repeatedly" accused him of "impregnating" them and they attempted to obtain child support from him.  ECF No. 1 at PageID # 2.  He also alleges that Staffmark Investments, LLC has attempted to garnish his wages for this child support, despite Plaintiff never having worked for the company.  *Id.*  Plaintiff points out that the Social Security Number

(4:21CV845)

of the Brandon Allen who appears on the wage garnishment notice is not his Social Security

Number, and that he has a different middle initial. *Id.* As a practical matter, it appears that

Plaintiff may have been sent documents intended for a different, but similarly-named, person.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102

S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.

594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma*

*pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be

granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.

Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk*

*v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law

when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest

"which clearly does not exist". *Neitzke*, 490 U.S. at 327. An action has no arguable factual

basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

*See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be

granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept

all factual allegations as true, and determine whether the complaint contains "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the

2

(4:21CV845)

grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) .

The Supreme Court explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

Plaintiff has not alleged sufficient facts to demonstrate the Court's subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*

3

(4:21CV845)

Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties or the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Diversity of citizenship is applicable to cases of sufficient value between "citizens of different States." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Federal question jurisdiction arises when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not appear to exist in this case. Plaintiff is incarcerated in the Ohio State Penitentiary, and Defendants are "of Ohio." *See* ECF No. 1 at PageID #:2. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 76 Fed. Appx. 644, 2003 WL 22146143, at *1 (6th Cir.

4

(4:21CV845)

Sept. 16, 2003).  The Complaint (ECF No. 1), as written, suggests that Plaintiff and Defendants are all citizens of Ohio.  Therefore, federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.  In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).  Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir.2008).  In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise.  *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Plaintiff is proceeding *pro se* and therefore enjoys the benefit of a liberal construction of his pleadings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"  *Haines*, 404 U.S. at 520 .  Even with that liberal construction, however, Plaintiff  failed to properly identify a federal question in this case.

5

(4:21CV845)

Plaintiff claims that Defendants Wash and Turner attempted to obtain child support from Plaintiff and Defendant Staffmark Investments, LLC attempted to garnish Plaintiff's wages. Plaintiff bases his claims under 42 U.S.C. § 1983.  To state a claim under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  Defendants are private parties, not government officials or agencies.  And Plaintiff has not alleged facts plausibly suggesting that the defendants were acting under color of state law or exercised a power that is reserved exclusively for the State of Ohio.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) and *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).  Plaintiff, therefore, cannot assert a § 1983 claim. Accordingly, federal subject matter jurisdiction cannot be based on a federal question.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 September 8, 2021                              */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                               United States District Judge

6